cation that the then existing board be abolished, etc. It was provided in the act that "the board of trustees of Georgia Military College shall have the right to elect all teachers and other employees of said Georgia Military College, and fix their compensation." It was further provided that the legal title to all the property of the Georgia Military College then in its possession, or thereafter to be acquired, should be in the corporate body "hereinbefore created," and "the officers of said corporation hereinbefore provided for shall take care to provide for the protection, insurance, and safeguarding of all of said property."

Under the facts stated in question 2 propounded by the Court of Appeals, we are of the opinion that the Georgia Military College is a public institution of educational character falling within the meaning of the decision in the case of *Hightower* v. *Slaton,* 54 *Ga.* 108 (21 Am. R. 273), which held in effect that the salary of a teacher employed by the board of education of the City of Griffin, was not subject to process of garnishment. And see, to the same effect, *Born* v. *Williams,* 81 *Ga.* 796 (7 S. E. 868). The case of *Bates* v. *Bates,* 74 *Ga.* 105, 106, is distinguishable from the cases cited above and from the present case. The mere fact that some out-of-town pupils attended this college, paid tuition and a matriculation fee, etc., would not render the school a private institution. Other headnotes require no elaboration.

*All the Justices concur.*

---

### CHAMBERS *v.* WILLIAMS *et al.*

HILL, J. The petition in the present case failed to set out an equitable cause of action, and the court did not err in dismissing it on demurrer. *Judgment affirmed. All the Justices concur.*

No. 4083. JULY 18, 1924.

Equitable petition. Before Judge Humphries. Fulton superior court. November 26, 1923.

M. L. Chambers brought an equitable petition against R. D. Williams, of Fulton County, and J. A. McCurdy, sheriff of DeKalb County, and alleged the following facts: On June 16, 1923, R. D. Williams instituted in the city court of Decatur an action of bail-trover against M. L. Chambers, for the recovery of 60 certain

promissory notes described in the petition, a copy of which is attached to the present petition. On April 2, 1923, R. D. Williams entered into a contract with plaintiff to purchase from him a certain tract or parcel of land in DeKalb County (the description of which is not necessary here). Williams agreed to pay plaintiff for the property the sum of $2400, 1/60 of which was to be paid in cash and the remainder in 60 promissory notes, each dated April 2, 1923, the first one maturing on or before May 2, 1923, and one on or before the 2d day of each consecutive month thereafter until all of the notes should be paid. After entering into possession of the property Williams failed and refused to comply with the contract under which he had taken possession, and refused to pay the notes as the same matured. Under the terms of the contract plaintiff had the right to dispossess Williams · from the premises in the event he failed to comply with the terms of the contract. Shortly after the execution of the contract and notes and after the defendant had taken possession of the property, plaintiff sold 40 of the notes to Mrs. Rose Simon, of Fulton County, indorsing and delivering the same. Plaintiff also deposited with Mrs. Simon the remaining 20 notes as additional security for the payment of the 40 which he had sold. Since selling the notes to Mrs. Simon they have been beyond his possession or control, except two of the notes which plaintiff has had to pay under his contract of indorsement. The remainder of the notes are in the possession of Mrs. Simon or her agent, and without the payment by plaintiff of the sum of between $1600 and $1700 plaintiff cannot recover possession of the notes and cannot deliver the same either to Williams or to the sheriff of DeKalb County, as required in the bail-trover suit. Plaintiff alleges that he is without fault in connection with the transaction, that he sold the property to Williams in good faith, and that he sold the notes to Mrs. Simon in good faith, and had Williams complied with his contract he would still be in possession of the property and upon completion of the payments would have the title thereto. Plaintiff offered to procure the notes and turn them over to Williams or his attorneys at law, if Williams would execute to plaintiff or his assigns a quitclaim deed releasing any claim that he might set up against the property; and this Williams refused to do. Williams kept the property for a period of about sixty days, and reasonable rent for the same during that

period as set out in the contract would be the cash payment and the two notes which have already matured, aggregating approximately $120; and he asks judgment against Williams for that amount. Under the law Williams might elect, on the trial of the trover suit, to take the money value of the notes, might recover judgment for a large amount of money, to wit, $2500 or other large sum against plaintiff in lieu of the return of the notes, so that plaintiff would have to pay off the notes as they mature, and might have to pay a money judgment to Williams if the jury on the trial of the trover suit should so find. The city court of Decatur has no equitable jurisdiction and cannot afford to plaintiff any affirmative relief, and it is therefore without jurisdiction to try the issues pending between Williams and plaintiff; and if plaintiff should undertake to try the trover suit and enforce his remedies against Williams at common law, it would be necessary to institute suit against him and recover judgment therein, which would result in a multiplicity of suits about the same subject-matter, while a court of equity can determine all the issues involved in one suit and afford each party interested adequate relief, affirmative or otherwise. Plaintiff was served, on June 25, with a copy of the trover suit, and was required to deliver the property, make bond, or go to jail. He has done nothing to go to jail for, and he cannot deliver the notes for the reasons before stated; he ought not to be required to make bond in the sum of $4800, since the same is liable to terminate in a money judgment; it will be exceedingly difficult to make such bond; instead of his being responsible and liable, plaintiff is entitled to a judgment against the defendant for the sum of $120. Plaintiff prays that Williams and his agents, employees, or attorneys be enjoined and restrained from proceeding with the trover suit; that J. A. McCurdy, sheriff, be enjoined from proceeding with the service of the trover suit until further order of the court; that Williams be required to set up in answer to this petition any rights that he may have against plaintiff, if there be any, so that the same may be heard and determined on the hearing of this petition; that the court render judgment in favor of the plaintiff against Williams for the sum of $120, with interest at 7 per cent. per annum from the date of filing this suit until the date of final payment; that the notes described be delivered to Williams as the same mature

35

and are paid off by this plaintiff or his assigns; and that Williams be required to execute to plaintiff or his assigns an acquittance releasing any and all claims that he may set up or contend for in reference to the title or possession of the property.

The defendant filed a general demurrer to the petition, in which it is set out that plaintiff has an ample remedy at law that could be set up in defense of defendant's trover action in the city court of Decatur, which plaintiff seeks to enjoin. The court passed the following order: "Counsel for demurrant stating in his place in open court that plaintiff in this suit be allowed to sign his bond without security, the trover and bail suit complained of in this demurrer is sustained and plaintiff's case dismissed." To this judgment the plaintiff excepted.

*Chambers, Dickey & Chambers,* for plaintiff.

---

## KIDD *v.* KIDD.

1. A judgment rendered against the vendor in a security deed after its execution, in favor of a third person, is a lien upon his interest in the property thereby conveyed; and this lien cannot be defeated by a surrender of such property to the vendee in payment of the secured debt, especially when the value of the property is in excess of the secured debt.

2. Where a creditor holds an absolute deed as security for a debt, with his bond to reconvey outstanding, and, upon the debtor afterwards becoming insolvent, he takes the property in payment of the debt, the value being largely in excess of the amount of the debt, other creditors may have the property administered in equity as the assets of an insolvent, and the proceeds applied first to the secured debt, and the surplus to their own claims. This may be done without first tendering to the secured creditor payment of his claim.

No. 4272. July 18, 1924.

Claim. Before Judge Hodges. Hart superior court. February 6, 1924.

On November 3, 1903, W. H. H. Reed bought from Mrs. Adams the tract of land in dispute. Reed was to pay for this land in good middling cotton, or its equivalent in money, as follows: 2480 pounds on October 1 of each of the years 1904, 1905, 1906, 1907, and 1908. The value of the cotton was to be fixed at its market price in Hartwell, Ga., on the dates when it was to be delivered. The contract of sale between Mrs. Adams and Reed was in writing. Reed made certain payments of cotton on the purchase-price